**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAYS INN WORLDIDE, INC., | : | |
| | : | |
| | : | Civil Action No. 11-1165 (ES) |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| CHANNING W. STEELE, | : | OPINION and ORDER |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**SALAS, District Judge**

Before the Court is an unopposed motion of Plaintiff Days Inns Worldwide, Inc. ("Days Inn") seeking default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court has considered Plaintiff's submission and it appears that:

1. Plaintiff commenced this civil action on March 1, 2011. (*See* Docket Entry No. 1).

2. Defendant Channing W. Steele ("Steele") was served with a copy of the Summons and Complaint on April 15, 2011. (*See* Docket Entry No. 5).

3. The time for answering the Complaint has expired and Defendant has not been granted an extension of time within which to answer, and has failed to interpose an answer or otherwise respond to the Complaint.

4. On August 12, 2011, Days Inn sent the Clerk of Court a letter requesting that default be entered against Defendant Steele. (*See* Docket Entry No. 8).

5. On August 14, 2011, the Clerk of Court entered default as to Defendant Steele. (*See* Docket Entry No. 9).

6. On September 23, 2011, Plaintiff filed the present motion seeking default judgment.

7. Days Inn has provided Steele with notice of the motion for default judgment and related documentation. (*See* Docket Entry No. 10).

8. To date, Defendant Steele has not opposed Days Inn's motion for default judgment. To that end, the court accepts the allegations of the Complaint as true and admitted by Steele. *See Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 WL 2909321, at *2 (D.N.J. July 18, 2011) ("Because Defendants failed to respond in any way to the Complaint, the Court must accept the truthfulness of [Plaintiff's] well pled allegations."). For that reason, Days Inn's allegations establish breaches of a guaranty agreement and two notes.

9. Therefore, this Court concludes that an entry of default judgment against Steele is warranted for the following two reasons. First, Steele is culpable because he has not proffered a meritorious defense in response to Days Inn's claim. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (stating that defendants "are presumed culpable where they have failed to answer, move or otherwise respond"). Second, Days Inn has suffered economic loss as a result of Steele's failure to respond and will continue to suffer if default judgment is not granted.

Accordingly, IT IS on this ___15th___ day of ___February___, 2012,

**ORDERED** that judgment is hereby entered against Channing W. Steele in favor of Days Inn in the total amount of $584,380.63 in addition to the pre-judgment interest up to the date the order is signed.   The total amount of $584,380.63 is comprised of the following amounts:

1. $202,414.63 for recurring Fees (principal plus pre-judgment interest through October 17, 2011);

2. $315,964.94 for liquidated damages (principal plus pre-judgment interest through October 17, 2011);

3. $31,823.23 for the amount outstanding pursuant to the Initial Fee Note (principal plus prejudgment interest calculated through October 17, 2011);

4. $35,177.84 for the amount outstanding pursuant to the Promissory Note (principal plus prejudgment interest calculated through October 17, 2011); and it is further

**ORDERED** that beyond the date of this Final Judgment, post-judgment interest with respect to the total amount of this Final Judgment will continue to accrue at that rate allowed by law until the Judgment is paid in full; and it is further

**ORDERED** that Plaintiff is entitled to reasonable attorneys fees pursuant to the provisions of the parties' agreement but subject to this Court's *in camera* review of descriptive time entries from the billing records; and it is further

**ORDERED** that Plaintiff's attorney shall submit descriptive time entries from the billing records to this Court on or before March 1, 2012.

s/Esther Salas
**Esther Salas, U.S.D.J.**

3